United States District Court
Southern District of Texas
**ENTERED**
August 25, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Yadamy Abello-Suarez, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3485 |
| | § | |
| Markwayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DISMISSING PETITION**

Before the Court is Respondents' Notice of Intent to Remove indicating that Petitioner Yadamy Abello-Suarez is subject to a final order of removal and Respondents intend to remove Petitioner from the United States after the five-day notice period elapses. Doc. 8.

Petitioner is subject to a removal order that became administratively final on June 23, 2026. Docs. 7-3; 7-4; *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) (clarifying that a removal order becomes administratively final "once the [Bureau of Immigration Appeals] has reviewed the order (or the time for seeking the BIA's review has expired)"). Accordingly, Petitioner's detention is statutorily mandated for ninety days after June 23, 2026—unless Petitioner is removed during this period. 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); *see also Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("After entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody.").

For these reasons, Petitioner does not have a viable claim that her ongoing detention

is unlawful. Therefore, the petition for a writ of *habeas corpus* is DISMISSED WITHOUT PREJUDICE to Petitioner renewing her petition if she remains in custody after her ninety-day mandatory detention period expires. All pending motions are DENIED AS MOOT.

A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 25th of August, 2026.

Nicholas J. Ganjei
United States District Judge